J-S94020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DEVIN MCNEAR | |
| Appellant | No. 1039 MDA 2016 |

Appeal from the Judgment of Sentence May 17, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000018-2016

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 21, 2017**

Appellant, Devin McNear, appeals from the judgment of sentence, imposed May 17, 2016, following a guilty plea resulting in his conviction for theft by unlawful taking.  Appellant's counsel, Donna M. De Vita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

We adopt the following statement of facts, garnered from the trial court's opinion, which in turn is supported by the record.

> The victim[, Tara Flannery,] stated that she allowed [Appellant] to stay overnight in her home on October 18, 2015.  The next morning, she noticed that a jar containing change was empty, but she wasn't concerned.  However, on October 20, 2015, the victim noticed that a gun case containing two (2) rifles, a Mauser rifle stamped 1938 and an Enfield Savage rifle, was missing from the spare bedroom. Attempts to reach the [Appellant] were unanswered.  On October 22, 2015, the victim notified police

* Former Justice specially assigned to the Superior Court.

that [Appellant] was in the hospital as a result of a car accident. [Sergeant] Cotillo contacted the Scranton Police Depart [sic] who responded to the scene of the accident and discovered that the rifles were in the vehicle at the time of the accident. The owner of the car did not know how the rifles got in her car and told police that her daughter was driving. The daughter stated [Appellant] brought the change, clothes, and the gun case into her vehicle …

Trial Ct. Op., 8/22/16, at 1-2 (internal citations omitted).

Appellant was charged with two counts of theft by unlawful taking and two counts of receiving stolen property.[1] In February 2016, Appellant entered a guilty plea to one count of theft by unlawful taking; the remaining charges were nolle prossed. Appellant completed a written and oral guilty plea colloquy.

In May 2016, the trial court sentenced Appellant to one to two years of incarceration followed by three years of probation to be served consecutively to a prior conviction by the trial court.[2] At sentencing, the trial court specifically noted that Appellant was ineligible to participate in a state or county intermediate punishment program as he had prior sexual assault adjudications. Notes of Testimony (N.T.), 5/17/2016, at 3-5; *see* 42 Pa.C.S. § 9721(a.1) and 42 Pa.C.S. § 9802. Appellant timely filed a motion for reconsideration of sentence solely on the ground that a sentence served

---

[1] 18 Pa.C.S. § 3921(a), and 3925(a), respectively.

[2] In December 2015, Appellant was sentenced to six to twenty-four months of incarceration for one count of false report to law enforcement- falsely incriminating another, under docket number CP-35-CR-0001587-2015. Trial Ct. Op. at 2 n.1; *see* 18 Pa.C.S. § 4906(a).

in intermediate punishment would be more beneficial to him as an individual who habitually abused drugs. Petition for Reconsideration of Sentence, 5/18/2016. This motion was denied by the trial court.

In June 2016, Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

In October 2016, appellate counsel filed in this Court an **Anders** brief and application to withdraw as counsel. The brief sets forth the following issue Appellant seeks to raise on appeal:

> 1. Whether the sentences imposed were harsh and unreasonable and a manifest abuse of discretion?

Appellant's Brief at 4.

When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

- 3 -

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney De Vita's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to the portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She explains her reasoning and supports her rationale with citations to the record as well as pertinent legal authority. Attorney De Vita avers she has supplied Appellant with a

copy of her ***Anders*** brief and a letter explaining the rights enumerated in ***Nischan***.[3] Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issue Appellant raises is frivolous and to ascertain if there are other, non-frivolous issues he may pursue on appeal.

Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. ***See Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011); ***see also*** Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

In the instant case, Appellant has timely filed a notice of appeal. However, Appellant did not preserve his challenge to the discretionary aspects of his sentence at sentencing or in his motion to reconsider. This constitutes a fatal defect. ***Commonwealth v. Cartrette***, 83 A.3d 1030,

---

[3] Appellant has not filed a response to counsel's ***Anders*** brief.

1043 (Pa. Super. 2013) (*en banc*) (finding waiver of a challenge to discretionary aspects of a sentence, in the context of an ***Anders*** brief, where the appellant had not properly preserved the claim). Accordingly, Appellant's claim is waived on appeal. ***Id***.

Additionally, Appellant claims that the trial court's sentence was harsh, unreasonable, and a manifest abuse of discretion. Appellant's Brief at 7-10. Essentially, this is a bald claim of excessiveness, which does not establish a substantial question. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citing ***Commonwealth v. Mouzon***, 812 A.2d 626, 627 (Pa. 2002) ("Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code"). Accordingly, on this ground, too, Appellant's claim does not warrant review. ***Id***.

Nevertheless, we briefly note the following. In fashioning an appropriate sentence, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Here, the court sentenced Appellant to one to two years of incarceration followed by three years of probation. N.T. 5/17/2016, at 5. The court (1) expressly prohibited Appellant from using drugs or consuming alcohol, (2) ordered an alcohol assessment upon Appellant's release, and (3)

ordered a mental health evaluation. Viewed in tandem with the facts presented to the court, Appellant's individualized sentence established that the court considered the factors required under 42 Pa.C.S. § 9721(b). At the sentencing hearing, the court was apprised of Appellant's addiction to drugs, including heroin. N.T. 5/17/2016, at 3-5. The court was also aware that Appellant had mental health issues and was a victim of sexual abuse. *Id*. The court previously adjudicated a matter concerning Appellant earlier that year, and considered Appellant's presentence report.[4] *Id*. At the time of sentencing, Appellant's counsel also specifically requested that Appellant be placed in an intermediate punishment facility and the court lamented that Appellant would be ineligible for these structured programs due to his sexual assault adjudication.[5] *Id*. The court then sentenced Appellant within the sentencing guidelines' standard range. *See* 204 Pa.Code § 303.16. Accordingly, we discern no abuse of discretion. *See, e.g., Commonwealth*

_____

[4] "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013).

[5] In her brief, counsel also references Appellant' potential to be placed in intermediate punishment, an issue properly preserved for review in Appellant's motion to reconsider sentence. Appellant's Brief at 5-6. This issue is meritless as the record reflects that the court clearly considered the possibility of placing Appellant in one of these programs but concluded that Appellant was not an "eligible offender" pursuant to 42 Pa.C.S. § 9802. *See also* 42 Pa.C.S. § 9721(a.1).

*v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

We agree with Attorney De Vita that Appellant's claim is frivolous. We have independently reviewed the record, and find no other issues of arguable merit that Appellant could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017